Daniel E. Macken, J.
Defendant now moves pursuant to article 31 of the Civil Practice Law and Buies for an order requiring the Monarch Insurance Company (plaintiffs’ automobile liability insurance carrier) and its claims manager or other employee to produce documents and submit to oral examination in respect to “ all legal papers, statements, and including complaints, bills of particulars, transcripts of examinations before trial and releases in actions of Ronald Wightman, an infant, by Pauline Cody, his Guardian vs. Stephen Cataldo, Sr. and Stephen Cataldo, Jr. and William Meyers vs. Stephen Cataldo, Sr. and Stephen Cataldo, Jr.” Substantially the same information is sought as that previously attempted to be obtained by defendant by subpoena duces tecum. (Cataldo v. County of Monroe, 38 Misc 2d 768, affd. 19 A D„2d 852.) Upon the argument plaintiffs’ attorney stipulated his willingness to produce the papers directed to be produced by this court on the previous motion, i.e., pleadings, bills of particulars, transcripts of examinations before trial, and releases executed by or on behalf of passengers in plaintiffs’ automobile.
It is not clear to me that by the statement in its memorandum “We are not in serious disagreement with the general views expressed in the dissenting memorandum relating to discovery and inspection ”, the majority of the Appellate Division intended thereby to express approval of the dissenting Justice’s specific conclusion that any statements given by plaintiffs to the Monarch Insurance Company should be produced. Since the argument and decision of the earlier motion, the Civil Practice Law and *16 Bules has become effective, and it seems to me that such disclosure is barred by section 3101 (subd. [d], par. 2) of the Civil Practice Law and Buies. There is no doubt in my mind, and it was apparently conceded on the argument, that plaintiffs’ statements, if any, taken by their liability insurance carrier, the Monarch Insurance Company, were created by the plaintiffs’ agent in preparation for litigation. The defendant, in keeping with its position on the argument of the prior motion, claims that the protection of section 3101 (subd. [d], par. 2) extends only to the litigation in preparation for which the statements were taken and that the statements, if any, taken by the insurance company were in preparation only for the defense of actions against its insured in which the company might be held liable under its policy. This would seem to be a contention that the section is designed to protect the agent rather than the party. A consequence of such a holding would be that in an action by one insured motorist against another, and assuming that by release or otherwise the plaintiff driver is no longer subject to suit or liability arising out of the accident, the defendant might examine the statement given by plaintiff to his own carrier while plaintiff might not have access to the defendant’s statement given to defendant’s carrier. I do not believe such a consequence was intended. By subdivision (e) of section 3101 the Legislature specifically provided that a party might obtain a copy of his own statement given to his adversary’s representatives. Had it been intended that a party obtain a copy of his adversary’s statement I believe the Legislature would have said so, and I am still of the opinion that the immunity from disclosure provided by section 3101 (subd. [d], par. 2) should extend to any action arising from the occurrence investigated to which the insured person is a party, whether plaintiff or defendant.
In view of this conclusion I find it unnecessary to decide whether or not the examination sought is warranted by section 3101 (subd. [a], par. [4]) or whether the application is barred by delay in making it.
With the exception of those matters which plaintiffs have consented to produce, the motion is denied, with $10 costs to each plaintiff to abide the event.