Jacob Ark, J.
This is a motion by the plaintiff to compel the defendant to produce for his examination a copy of any signed 'statement made by the defendant to his insurance carrier before the commencement of the action which is based on negligence. The stated purpose of the examination is to ascertain if it -contains any inconsistencies with his subsequent testimony in a pretrial examination.
Disregarding any lack of compliance with proper procedure in seeking the relief requested, the matter is of sufficient importance to go directly to the question as to whether a plaintiff in a negligence action is entitled to examine a statement given by a defendant to his insurance company in an effort to find therein admissions by a defendant or inconsistencies in his subsequent testimony.
There is a plethora of opinions rendered by the lower courts on this subject since the adoption of the -CPLB. Trial Justices held for and against such -disclosure. The citation of these authorities would serve no useful purpose and the attempt to distinguish or reconcile them would ¡be an exercise in utter futility.
The Appellate Division, Fourth Department, had before it the appeals in Catalclo v. County of Monroe, which involved the *869 attempt by the defendant to obtain from the plaintiffs’ insurance carrier its entire investigation file. That defendant first sought this information before the effective date of the CPLR, by means of a subpoena duces tecum and Mr. Justice Macken (38 Misc 2d 768, affd. 1.9 A D 2d 852) held that the product of the investigation was immune from disclosure and quashed the subpoena, except for certain papers in an action theretofore commenced against the plaintiff. A motion was then made pursuant to article 31 of the CPLR for an order. This was denied (42 Misc 2d 15, affd. 20 A D 2d 755) on the same ground, but on the second appeal, the Appellate Division of this Department held: “ In affirming we do not reach or pass upon whether the disclosure of the documents sought is barred by section 3101 (subd. [d], par. 2) of the Civil Practice Law and Rules
Subsequent to the second Gataldo case, the Appellate Division, Second Department, considered the precise question now before the court in Finegold v. Lewis (22 A D 2d 447, 448). The plaintiff sought “ the statement in an effort to find therein admissions by the defendant or inconsistencies with his subsequent testimony in his pretrial examination.” The court held that the statement given by the defendant to his insurer was not available for discovery under the statute (CPLR 3101) and that the ‘ ‘ relative dates of the delivery of the statement and of the commencement of the action are immaterial
The most recent decision on this subject was handed down by the Appellate Division, First Department, in Kandel v. Tocher (22 A D 2d 513, 514, 517), in which a most thorough analysis is made of CPLR 3101 including the views of the commentators on the CPLR and a discussion of the important policy considerations involved. That court agreed with the holding in Finegold v. Lewis (supra) and held that “ ‘ the accident report and statements, photographs, diagrams, etc., relating to the accident made prior to the commencement of this action ’ ” which Avere sought by the plaintiff “is at least conditionally precluded. A circumstance which might avoid the preclusion, of course, is a showing under the language of the statute ‘ that the material can no longer be duplicated because of a change in conditions and that withholding it Avill result in injustice or undue hardship. ’ There has been no such showing in this case and, therefore, there was no warrant for denying defendant’s motion ” for a protective order.
A definitive statement on this subject by the Appellate Division of this Department would control the dispositions of motions of this nature by this court, but in the absence of such the cited authorities are controlling and will be followed.
Plaintiff’s motion is denied.