Alexander Vitale, J.
The plaintiff, Mrs. Cunningham, sued the defendant for injuries sustained in an automobile accident. She testified that while driving her car from north to south and across Stewart Avenue in Garden City, she observed the defendant approaching from the west, that is to say, on her right. Also that she did not see the defendant’s car again at any time. Her next conscious recollection was that she awakened in the hospital after the accident.
Upon cross-examination this plaintiff -stated that the defendant’s car was a “ good block ” away when she .saw it. But at another time in the examination the plaintiff described the defendant as being eight car lengths away from her. She regarded a car length as 10 to 12 feet.
Mrs. Cunningham was then asked by the defendant’s attorney if she had ever stated that the defendant’s car was 30 feet away from her -at the time she first observed it. At this point *772 the jury was excused. The defendant’s attorney said that he proposed to confront the plaintiff with a statement in his possession. This writing was subpoenaed by him from the records of the insurance company that had issued an automobile liability policy to Mrs. Cunningham upon her own automobile. The report was dated November 5, 1962, a few days after the accident. At that time litigation was not underway against Mrs. Cunningham, and in fact, there was nothing offered upon this trial to indicate that she was ever sued by the defendant, Cook, after the accident.
The plaintiff’s attorney objected to the use of this statement by defense counsel. His objection was sustained.
When the case was submitted to the jury, the court’s charge at that time included a reference to the provisions of section 1140 of the Vehicle and Traffic Law. During their deliberations, the jury sent the following message to the court: “We the jury wish to have the Vehicle Law pertaining to intersections reread as to who has the right of way. ”
The jury’s verdict was in favor of the plaintiff, Mrs. Cunningham, in the amount of $6,000 and in the sum of $1,000 upon her husband’s claim for loss of services and special damages.
The defendant moved for a new trial. In considering that motion, the court has reviewed its ruling with reference to the statement offered by the defense counsel upon plaintiff’s cross-examination. It is apparent that the accident having occurred in an intersection, the question of whether the plaintiff was contributorily negligent or not was crucial, particularly with reference to the manner and circumstances under which she entered the intersection. This in turn rendered the possibly inconsistent statement important, in the sense that the jury may have decided that question against the plaintiff if the statement was available to it.
By CPLR 3101 (subd. [d], par. 2) it is provided that a writing or anything created by or for a party or its agent, in preparation for litigation, shall not be obtainable unless the court finds that the withholding of it will result in injustice or undue hardship. As to whether or not this material is prepared for litigation, it must be held that it was, even in the absence of an eventual lawsuit against the plaintiff. As was said in Finegold v. Lewis (22 A D 2d 447, 448 [2d Dept., 1965]):. ‘1 The statement is not available for discovery under the statute (CPLR 3101). The statement was given by an insured to his insurer, who is a defendant in a very real sense, as part of the latter’s preparation for trial, should a trial ensue.” To the *773 same effect, Ehrlich v. Kubis (23 A D 2d 782 [2d Dept., 1965]). Similarly in Kandel v. Tocher (22 A D 2d 513 [1st Dept., 1965]) an order directing the defendant to furnish the plaintiff, a statement that the defendant had given to his insurance carrier was reversed by the appellate court. The opinion declared it to be of great importance that an insured be encouraged to make a complete and candid disclosure to his liability insurer. It was held that this purpose was just as significant as in the case of an attorney-client in the absence of insurance. The court found little to differentiate the relationship of insured and insurance carrier, and attorney and client in these situations.
The statements involved in both of the above cases were sought from insurance companies representing defendants. In this case the opposite is true, it being the defendant who wishes to use the statement which the plaintiff gave to her company. However, the principle is the same, in that the material was prepared in the expectation that it would be used for litigation.
In Gugluizza v. Gugluizza (45 Misc 2d 868 [Sup. Ct., Monroe County]) wherein plaintiff’s statement was sought, as it is here, the court felt constrained to deny the use of the statement to the defendant. Also, application by a defendant to require the production by plaintiff of statements given to his own insurance company was refused in Cataldo v. County of Monroe (42 Misc 2d 15 [Sup. Ct., Monroe County]). The court held that the immunity from disclosure provided by paragraph 2 of subdivision (d) of the section should extend to any action arising from the accident, regardless of whether the insured person be plaintiff or defendant. It is significant, from the standpoint of public policy, however, that the Appellate Division in the Fourth Department, in affirming, expressly reserved the question of whether disclosure was in fact barred by these subdivisions of CPLR 3101 (Cataldo v. County of Monroe, 20 A D 2d 755). In the view of the authors of New York Civil Practice, public policy would be better served by permitting disclosure in these situations (3 Weinstein-Korn-Miller, par. 3101.50b).
There remains the question of whether or not disclosure should be permitted, nonetheless, in this case upon the ground that an injustice may otherwise be perpetrated. The defendant had available to it various investigative techniques. Further, it examined the plaintiff before trial. It cannot be said by the court, with any degree of certainty, that had the jury known of the plaintiff’s statement they would have arrived at a different result. Accordingly, the defendant’s motion for a new *774 trial, upon the ground that the court erred in refusing to admit the plaintiff’s statement into evidence, is denied. .
The defendant also moved to set aside the jury’s verdicts upon the ground that they were excessive. The uncontradicted testimony showed that the plaintiff was confined to the hospital with a severe cerebral concussion for a period of three days. She thereafter underwent treatment by her family physician for a period of months. Special damages consisted of a hospital bill and a doctor’s bill totaling $300. These facts support the verdict of $1,000 in favor of the plaintiff husband.
The medical expert who testified on behalf of the wife did not examine her after 1963. However, he stated without medical contradiction, that the headaches and other physical complaints which she had at the present time were a direct result of the accident injuries. This being so, the court may not, as a matter of law, find the verdict of $6,000 in her favor, to be unconscionable or wholly at variance with the proof. The defendant’s motion for a new trial, upon the ground of excessiveness, is also denied.