Alexander Del Giob.no, J.
The claim involved in the instant motion is one for breach of contract arising out of a contract entered into between claimant and the State of New York dated July 20,1961 and known as Contract FIGE 61-1. The State has moved pursuant to the provisions of article 31 of the CPLR and, more particularly CPLR 3120 thereof, for an order granting discovery and inspection of a number of documents and records presently in the possession of the claimant. Claimant has raised a general objection to the entire motion on the ground that it is premature inasmuch as no oral depositions have as yet been scheduled or taken.
As a general rule, the courts are reluctant to grant discovery and inspection prior to the holding of an oral examination before trial. The reasoning and purpose of this rule is to discourage fishing expeditions, that is, the use of the discovery procedure as a substitute for independent research and investigation. As a consequence, a party seeking a general discovery and inspection prior to the holding of any examinations before trial is normally denied relief. However, the rule is not invariable and, where the items sought are both specifically identified and pertinent a party should not be compelled to wait for their production. To do so “ would tend to frustrate rather than facilitate the prompt and orderly disposal of pretrial proceedings.” (Mudge v. Hughes Constr. Co., 16 A D 2d 106, 109). In the instant proceeding many of the items contained in the State’s motion are sufficiently particularized to allow rulings to be made as to their evidentiary pertinence without having to await the completion of an oral examination before trial. Accordingly, the court overrules claimant’s general objection to the motion on the ground that it is premature, and proceeds to a determination of the items.
Items A, B and C are denied. These consist of a request for the production of a mechanic’s lien filed by a subcontractor, motion papers prepared to effect the discharge of said lien, and a decision of the Supreme Court relating thereto. All of these documents are matters of public record and, unless the State can *848 show that they are not available, they need not be produced by claimant at its expense, rather than that of the State.
Item I is also denied. This consists of a request for the production of the transcript of the record of the arbitration proceedings between claimant and its subcontractor. The court is unable to determine independently at this juncture of the proceedings whether such record or portions thereof should be denied for any of the reasons set forth in CPLR 3101. Further, to grant this item would again place an unreasonable expense upon the claimant.
Items J and M are both denied. These consist of requests for all of the exhibits introduced during the course of the arbitration proceedings (more than 30 in number) and all other related papers, books and documents. These two items personify the conventional blunderbuss requests which the enactment of CPLR 3120 was intended to prevent. The rule requires “ specifically designated” documents “specified with reasonable particularity ’ ’. Items J and M clearly do not comply with these requirements.
The remaining items contained in the State’s motion for discovery and inspection are all sufficiently specific and pertinent so as to require their production by the claimant. Accordingly, the motion is granted with the exception of Items A, B, C, I, J and M, and as to those items it is denied.