J. Irwin Shapiro, J.
At issue in this motion for a protective order is the applicability and effect, if any, of Allen v. Crowell-Collier Pub. Co. (21 N Y 2d 403) upon discovery and inspection pursuant to CPLR 3120 (subd. [a]) in general and, in particular, that of accident reports made by an employee to his employer.
This is an action to recover damages for personal injuries allegedly sustained by the plaintiff on June 28,1964, as a result of his falling from the platform to the tracks at one of the defendant’s railroad .stations and then being struck by a train. The plaintiff has served a notice for discovery and inspection of
(1) all manuals or regulations relating to the operation of defendant’s trains by its motormen and
(2) all accident reports filed herein by Clemente Smith, Jr., (the motorman of the train), or Bertrand Bacher (the station agent on duty at the station) relating to an accident which occurred on June 28,1964 to James J. Quirino at the Broadway station of the Astoria line.
The defendant moves for a protective order vacating the plaintiff’s notice. In its attorney’s affidavit the defendant offers, with respect to the first paragraph of the notice, to permit “ plaintiff to inspect its manuals or Bules and Begulations pertaining to operation of trains and to select the specific ones relevant to the instant accident. However, defendant respectfully requests that this be done at Special Term, Part II of this Court so that a Justice may be available for prompt rulings on any objections made by either party at the time of such inspection”. The plaintiff consents to this procedure. Accordingly, the first paragraph of the notice for discovery and inspection is modified to comply with the aforesaid offer of the defendant.
With respect to the second paragraph of the notice regarding discovery and inspection of accident reports by the motorman and station agent, the defendant objects on the ground that “reports of accidents made by employees to their employers are not the proper subjects of discovery unless it is established that the reports were made in the ordinary course of business of the defendant or that the reports constitute admissions ”. The defendant cites McCormick v. Mars Assoc. (25 A D 2d 433) for the proposition that accident reports are discoverable only upon a showing that they would be admissible in evidence as statements made in the regular course of business or as admissions by the defendant.
There is no doubt that McCormick (supra, p. 434) stands for that proposition for the court in that case said: ‘1 Moreover, *636 insofar as the court directed discovery and inspection of reports of accidents made by defendants’ employees to the defendants, in the absence of any showing that such statements were made in the regular course of business and admissible in evidence or constitute admissions by the defendants, the court committed error. ’ ’
For its authority McCormick (supra) cites Bresson v. Radio City Music Hall Corp. (23 A D 2d 581) which in turn cites Ciaffone v. Manhattantown, Inc. (20 A D 2d 666) and Briant v. New York City Tr. Auth. (7 A D 2d 756). The rationale of all of these cases may be gleaned from Briant (supra) a pre-CPLR case, wherein the Appellate Division stated: ‘ ‘ Reports of accidents made by employees of a railroad to the railroad are not evidence, and their discovery and inspection by an adverse party may not be compelled.” (Emphasis supplied.) ■
This court is of the opinion, however, that this line of Second Department cases is no longer the law in view of the recent decision of the Court of Appeals in Allen v. Crowell-Collier Pub. Co. (supra). (See Peretz v. Blekicki, 31 A D 2d 934.) Allen has laid to rest the theory that pretrial discovery procedures must be limited to evidence directly related to the issues raised by the pleadings. The Court of Appeals has adopted the rule enunciated by the Fourth Department in Matter of Comstock (21 A D 2d 843) that if “there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross examination, it should be considered ‘ evidence material * * * in the prosecution or defense.’” (Emphasis supplied.)
While Allen involved a motion relating to written interrogatories, the court made no attempt to limit its application to that form of disclosure. It seems clear that Allen was intended to serve as a guide to the courts in interpreting all aspects of article 31 of the CPLR. Indeed the Appellate Division for the Second Department in Peretz (supra) together with this court (Hartley v. Ring, 58 Misc 2d 618) has already applied its philosophy to motions involving discovery of witnesses ’ names. The Second Department, in Peretz (supra), indicated that it is adopting a philosophy of more liberal interpretation of the permissible use of pretrial procedures.
This is not to say, however, that a court is to sanction an unbridled romp through an adversary’s files. Orderly procedure must .still be utilized. (Rios v. Donovan, 21 A D 2d 409, 413, 414.)
*637 In the case of discovery and inspection, the rule itself requires that a notice must be served in which the documents sought to be discovered are “ specifically designated ” and “ specified with reasonable particularity”. (P. H. C., Inc. v. Wolf, 30 A D 2d 980; Pacer v. Clarence A. Hackett, Inc., 30 A D 2d 934; Haftel v. Appleton, 21 A D 2d 651; Rios v. Donovan, supra; CPLR 3120, subd. [a], par. 1, cl. [i].)
Weinstein-Korn-Miller (vol. 3, N. Y. Civ. Prac., par. 3120.17), in their treatise on New York Civil Practice, state, with regard to this requirement, that it “is designed to protect against unreasonable rummaging through books and records, but it should not be used to prevent disclosure for lack of technical compliance. Under former law, section 327 of the Civil Practice Act was held to apply only to documents 1 specifically mentioned ’ on the theory that ‘ the court would find difficulty in determining which documents to exclude in the event that the party failed to produce them. ’ A description by type of book or function of record with dates would in most instances be all that a party seeking the discovery could be expected to use in his notice since he would normally not have any intimate knowledge of another party’s record keeping system.”
As a general rule, an examination before trial, together with the limited discovery in aid of an examination as permitted by CPLR 3111, should precede a general discovery. (Lotterman v. McGraw & Co., 29 A D 2d 536; see Eifert v. Bush, 27 A D 2d 950, 951; Empire Brushes v. C. I. Prods., 26 A D 2d 948.) Although this general rule is not invariable (Johnson, Drake & Piper v. State of New York, 57 Misc 2d 846, 847), an examination before trial should first be held in any case where the party seeking discovery lacks sufficient knowledge to frame a notice complying with CPLR 3120 (subd. [a], par. 1, cl. [i]). (Cf. Rios v. Donovan, supra, p. 414; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.22.) If an examination before trial is held, a foundation for a future notice of discovery and inspection should be made by asking the witness specific questions relating to the existence of whatever items are involved and the circumstances under which they were created.
After a notice for discovery and inspection has been served, the party opposing discovery may move for a protective order “ specifying his objections ” (CPLR 3103, 3122), e.g., that the notice fails to comply with CPLR 3120 (subd. [a], par. 1, cl. [i]), that in this particular case orderly procedure dictates the deferral of discovery and inspection until after completion of some other disclosure device, that the items sought to be dis *638 covered are not encompassed by CPLR 3101 (subd. [a]) or that they are protected from disclosure by the provisions of CPLR 3101 (subds. [b], [c], [d]). If it is claimed that a protective order is necessary in order to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice (CPLR 3103, subd. [a]), then the basis of that claim should be specified. The motion papers should be explicit with respect to the nature of the objection or objections and all facts necessary for the court to make an intelligent determination should be furnished.
In deciding the motion, the court will first examine the notice to determine whether it conforms with the requirements of CPLR 3120 (subd. [a], par. 1, cl. [i]) and whether the documents are specifically designated and specified with reasonable particularity. Then any questions regarding orderly procedure will be determined, i.e., completion of or necessity for the prior use of other disclosure devices,' including an examination before trial. If these hurdles are passed, the court will determine if the matter sought to be discovered is encompassed by CPLR 3101 (subd. [a]), that is, does it constitute “ evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof”. Here Allen v. Crowell-Collier Pub. Co. (supra) is the guide. Evidence is not to be limited to evidence-in-chief. The words 1 ‘ material ’ ’ and ‘‘ necessary ’ ’ are to be broadly and liberally interpreted. ‘ ‘ Material ’ ’ means ‘ ‘ relevant ’ ’ and 11 necessary ’ ’ means ‘ ‘ needful ’ ’ but not ‘ ‘ indispensable ’ ’.
If the court finds the matter to be encompassed by CPLR 3101 (subd. [a]), then it will consider any objections grounded on the exceptions to disclosure as provided in paragraphs (b), (c) or (d) of that section, i.e., privileged matter, attorney’s work product or material prepared for litigation. It is not sufficient for the party opposing discovery merely to assert one or more of these objections in a conclusory manner. The facts and circumstances upon which the claimed exception is based must be stated clearly, fully and unequivocally by someone with knowledge of the facts. This is particularly true where it is claimed that the material constitutes work product or material prepared for litigation since the party seeking disclosure ordinarily could not be expected to have intimate knowledge of the internal procedures of the office of his adversary or his adversary’s attorney. This generally is the case even where an examination before trial may have been held. Upon such an examination, a party being examined is required to produce a personjvith knowledge of the facts at issue in the action. Even *639 where the witness was a participant in the event out of which the action arose and may have had a part in the creation of the item sought to be discovered, he may still lack knowledge as to its purpose and use by his principal. For the proponent of the discovery to elicit the information needed by the court by oral testimony might, in many cases, require a whole series of examinations of his adversary’s officers, managers, employees, investigators and possibly even his attorney. Such procedure would be expensive, time-consuming, cumbersome and, in most cases, totally unnecessary. So long as the notice of discovery in compliance with CPLR 3120 (subd. [a], par. 1, cl. [i]) specifically designates the item with reasonable particularity, there would seem to be no great hardship in requiring the party possessing that item to come forward with evidence as to the circumstances of its creation and of its use or intended use. There may be some instances when examination of a party by other employees or agents as to the facts regarding the creation and use of an item may be necessary, but such procedure should only take place in the unusual or extraordinary case.
When the moving party has specified his objections properly and sets forth the facts and circumstances regarding the creation of the item, the burden then shifts to his adversary to demonstrate that the exceptions are unavailable. (Cf. Koump v. Smith, 29 A D 2d 981, 982.)
If the court finds that the matter sought is privileged or constitutes attorney’s work product, then discovery must be denied. (CPLR 3101, subds. [b], [c]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.45.) If it finds that the matter is material prepared for litigation or an opinion of an expert prepared for litigation, then it will not be obtainable unless the party seeking it demonstrates to the satisfaction of the court that it can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship. (CPLR 3101, subd. [d].) Here, again, facts are required. Conclusory statements are insufficient. There may be some question as to whether dual purpose material, that is, material created both in preparation for litigation and for some use other than litigation is protected from discovery by CPLR 3101 (subd. [d]). Although it is not necessary for determination in the instant case, the court notes that the First Department stated in O’Neill v. Manhattan & Bronx Surface Tr. Operating Auth. (27 A D 2d 185) that if the material is used for some purpose other than litigation it is not to be considered prepared for litigation. The Second Department, in Reese v. Long Is. R. R. Co. (24 A D 2d 581), has also indicated that the immunity provided by CPLR *640 3101 (subd. [d]) applies only when the material is created solely in preparation for litigation.
In the instant case, the plaintiff has already examined Clarence Smith, Jr., the defendant’s motorman, before trial. Smith testified that he made at least one written report of the accident but that he could not remember how many he had made or the circumstances under which he made them. He did not know the purpose of the reports. Under the circumstances, the plaintiff’s notice, insofar as it applied to reports made by Smith, complies sufficiently with CPLR 3120 (subd. [a], par. 1, cl. [i]). Defendant’s moving papers fail to set forth any specific objections to discovery of these reports other than the claim that they are not evidence. This court finds, however, that the cases relied on by the defendant are no longer the law and that these reports are encompassed by CPLR 3101 (subd. [a]). Defendant fails to set forth any facts to demonstrate that they are privileged, constitute attorney’s work product or are material prepared for litigation. The motion, insofar as it concerns the reports of Smith, is denied.
The defendant’s station agent, Bertrand Racher, has not yet been examined before trial and the plaintiff has no knowledge that this individual did, in fact, make out any reports. Under the circumstances, orderly procedure requires that he first be examined before trial. The defendant’s motion is granted with respect to the report of Bertrand Racher, without prejudice to a further notice for discovery and inspection after the completion of an examination before trial of that individual.