Alexander Del Giorno, J.
By this motion the State, pursuant to CPLR 3101 (subd. [a]), 3102 (subds. [a], [f]) and 3120, seeks an order permitting the discovery and inspection of certain documents and papers within the possession of the claimant, to wit:
*726 A. The record of transcript of the arbitration proceeding which began on December 8,1964 held at the American Arbitration Associates [sic\ between J. K. Welding Company, Inc. and Johnson, Drake & Piper, Incorporated as reported by Adler Reporting Service, 15 Park Row, New York 38, New York;
B. All of the exhibits, both that of claimant and respondent, relating to said arbitration proceeding;
C. All other related papers, books and documents relating to said arbitration proceeding.
For convenience, these items will be referred to as Items “ A ”, “ B ” and “ C ”, respectively.
The afore-mentioned arbitration proceeding was held to resolve certain disputes existing between claimant and its subcontractor (at which a representative of the Attorney-General of the State of New York was present), some of which concerned matters which were related to the present claim.
The State, in an earlier motion made over one year ago, sought, inter alia, by literally and substantively the same language, discovery of these identical items. In reaching its decision there, this court initially stated: “As a general rule, the courts are reluctant to grant discovery and inspection prior to the holding of an oral examination before trial. The reasoning and purpose of this .rule is to discourage fishing expeditions, that is, the use of the discovery procedure as a substitute for independent research and investigation. As a consequence, a party seeking a general discovery and inspection prior to the holding of any examinations before trial is normally denied relief. However, the rule is not invariable and, where the items sought are both specifically identified and pertinent a party should not be compelled to wait for their production. To do so ‘ would tend to frustrate rather than facilitate the prompt and orderly disposal of pretrial proceedings. ’ ” (Johnson, Drake & Piper, Inc. v. State of New York, 57 Misc 2d 846, 847, [Ct. of Claims, 1968].) However, this court went on to hold as to present Item “ A ” (Item “ I ” in the previous motion) that it was ‘ ‘ unable to determine independently at this juncture of the proceedings whether such record or portions thereof should be denied for any of the reasons set forth in CPLR 3101. Further, to grant this item would again place an unreasonable expense upon the claimant.” (Id., p. 848.)
As to Items “ B ” and “ C ” of the present motion (Items “ J ” and “ M ” of the previous motion), this court stated that this request “ personif [ies] the conventional blunderbuss requests which the enactment of CPLR 3120 was intended to *727 prevent. The rule requires ‘ specifically designated ’ documents ‘ specified with reasonable particularity ’ ”. (Id., p. 848.)
Initially, it should be pointed out that, despite the State’s self-serving declaration to the contrary, a demand for ‘ ‘ all of the exhibits ” together with “ all other related papers, books and documents ’ ’ is hardly the type of designation ‘ ‘ specified with reasonable particularity ’ ’ that the State’s affirmation in support of its motion would have us believe it to be.
In addition, the State continues to ignore the prior determinations of this court, by seeking discovery of these items prior to the completion of examinations before trial. From the date of the decision of the first motion for discovery and inspection until the hearing of the present motion, the State has conducted (per Gerard J. Carty) only one day (Jan. 13,1970) of examination of claimant (after the notice of the present motion), and even this was adjourned sing die.
Furthermore, despite the State’s allegation that the materials sought “ contain evidentiary material necessary to the defense of the claim,” it has failed to produce a shred of evidence that would indicate new facts, a change in circumstances, or other reason warranting a reversal of this court’s earlier decision.
In this regard, the court is cognizant of the fact that the State has here offered to ‘ ‘ assume all costs in the reproduction of the transcript of arbitration, exhibits and other related papers and documents ” — an offer not contained in its original motion. Had the court initially been inclined to grant the State the relief sought, it could, pursuant to CPLR 3103 (subd. [a]), on its own initiative have framed an order designed to prevent the imposition of such an unreasonable expense on the claimant.
Attention must now focus on claimant’s contention that the transcripts and exhibits are privileged. CPLR 3101 (subd. [d]) provides as follows:
“ Material prepared for litigation. The following shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship:
‘ ‘ 1. any opinion of an expert prepared for litigation; and
‘ ‘ 2. any writing or anything created by or for a party or Ms agent in preparation for litigation.” (Emphasis added.)
Thus, material prepared for litigation enjoys a qualified privilege. That this material was prepared for litigation is beyond question. One of the major purposes of inserting an arbitration provision in a subcontract is to afford the contractor and the subcontractor an opportunity to expeditiously resolve issues *728 between them and to determine whether a remedy may exist against the owner (here, the State). Clearly, these proceedings were conducted with an eye toward future litigation against the State.
At this juncture it should be noted that the theory underlying the conditional privilege is that matters prepared in contemplation of litigation usually reflect the trial strategy of a party which he is free to conceal until trial. Therefore, it follows that matters prepared for litigation other than the one in which disclosure is sought should not be privileged. (Bennett v. Troy Record Co., 25 A D 2d 799 [3d Dept., 1966] —defendant’s insurer required to disclose prior complaints of accidents similar in nature to plaintiff’s.)
However, an exception to this exception appears justifiable where the litigation for which the material was prepared is related to the one in which disclosure is sought and where disclosure would be unfair. (See, generally, Peterfreund & McLaughlin, New York Practice [2d ed., 1968], p. 966, n. 3. Contra, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.51 [1969].) Probably because of the free joinder of claims and parties permitted under New York practice, this situation rarely arises and research has disclosed only one prior case, somewhat similar to the instant case, in which discovery was sought of material prepared for prior related litigation. In Cataldo v. County of Monroe (38 Misc 2d 768, affd. 19 A D 2d 852 [4th Dept., 1963]) an automobile owner brought an action against the county for negligently maintaining that portion of the highway where an accident had occurred. At that point, the county sought to examine a file prepared by the owner’s insurer to defend an earlier suit by a passenger against the owner, which had ended in settlement. Subsequent to the affirmance of the lower court’s holding that the matter sought was privileged, the county moved again under article 31 of the newly-effective CPLR for the .same relief. The court reaffirmed its earlier position and stated that “ the immunity from disclosure provided by section 3101 (subd. [d], par. 2) should extend to any action arising from the occurrence investigated to which the insured person is a party, whether plaintiff or defendant.” (Cataldo v. County of Monroe, 42 Misc 2d 15, 16, [Sup. Ct., 1963], affd. on other grounds, 20 A D 2d 755 [4th Dept., 1964].)
Mention should also be made here of the fact that claimant also relies on CPLR 3101 (subd. [c]) which provides in its entirety that “ [t]he work product of an attorney shall not be obtainable.” Undoubtedly, this defense has been asserted *729 because the sheer breadth of the State’s Item “ C ”, demanding “ [a] 11 other related papers, books and documents relating to said arbitration proceeding,” is broad enough to cover memoranda, etc., of counsel written in preparation for the arbitration proceeding. Of course, matter falling within the work-product privilege is totally protected from disclosure. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.45 [1969]. See, generally Marco v. Sachs, 109 N. Y. S. 2d 224 [Sup. Ct., 1951].)
Whether the transcripts, exhibits and other documents are so permeated with counsel’s impressions, legal theories and conclusions as to come within the total protection of the work-product privilege is a question which need not now be decided.
In denying this motion, the court would remind the State that the State is hardly ignorant of the substance of the arbitration proceeding. Present on the job were its own engineers, together with its consultant engineers and inspectors. The presence of Assistant Attorney-General Peter Wells at the arbitration proceeding itself is assurance to this court of the State’s familiarity with the relevant facts. In addition, claimant has repeatedly offered to produce for examination before trial Mr. Robert E. Freeman, the only witness at the arbitration proceeding, at which time the State may examine him with respect to all the facts involved.
In this context, one final point must be made. In its affirmation, the State charges that the testimony and exhibits which were before the arbitrators are necessary ‘ ‘ for the purpose of establishing the veracity of claims and testimony.” Although the court has stated that discovery here should be initially obtained by oral examination, if upon such examination claimant or its subcontractor denies any statements or events allegedly made or testified to at the arbitration proceeding, then good cause and the prevention of injustice may well exist for the production and inspection of Items “A”, “B” and “C” demanded herein. (Thompson v. Hoitsma, 19 F. R. D. 112, 115 [D. N. J., 1956].) If, at that time, claimant were to invoke the absolute work-product privilege, then this court might at that time find it necessary to individually examine each of the items .sought in order to determine the applicability of that privilege. Until such time, the motion is, in all respects denied.