OPINION OF THE COURT
Frank Composto, J.
This is an action to recover damages for personal injuries and loss of services sustained by plaintiffs as a result of the alleged negligence of the defendants.
Shell Oil Company (Shell) defendant and third-party plaintiff, moves by notice of motion dated January 9, 1979 for an order compelling defendant Brooklyn Union Gas Company (Brooklyn Union) to produce a certain witness for examination before trial and produce copies of certain documents and records including Brooklyn Union’s investigative reports of the incident.
By notice of motion dated February 28, 1979, Shell moved for a protective order against Brooklyn Union’s notice of discovery for discovery and inspection of certain documents, records and information including Shell’s investigative report of the occurrence.
Plaintiff submitted an affirmation in support of Shell’s motion for further examination before trial of Brooklyn Union and for discovery of other records and documents including Brooklyn Union’s investigative report.
Both motions were before the court on April 26, 1979. At that time, the attorneys for all the parties entered into a signed stipulation wherein they agreed that Brooklyn Union Gas Company would: 1. Produce Clifford Blausius for examination before trial, if he is still employed by Brooklyn Union; 2. Produce copies of all exhibits marked at the examination before trial of Jack Figari; 3. Produce meter readings for 33 Garnett Street for one year prior to the accident if they are *911 still available; and 4. Produce the objective findings of its expert (chemist), but not opinions.
The attorneys further agreed, pursuant to the stipulation, that Shell will produce the objective findings of their expert if any, but not opinions.
The attorneys specifically stated that the only issue remaining to be resolved by the court is whether Brooklyn Union and Shell must produce the results of their respective investigations of the accident. Both parties contend that such investigative reports are reports prepared in contemplation of litigation and thus protected by CPLR 3101 (subd [d]).
The investigative report requested of Brooklyn Union by Shell, is referred to in Brooklyn Union’s examination before trial held on March 2, 1978. It is specifically the investigation report of Brooklyn Union’s insurance and claims department made as a result of its investigation on the day of or the day after the occurrence. Shell contends that the said report was made in the regular course of Brooklyn Union’s business and is not material prepared solely for litigation, and is thus discoverable.
Brooklyn Union claims that the report was prepared for purposes of litigation by its insurance and claims department. It further states that since it is a self-insurer, it should be accorded the same Kandel-Finegold protection as other liability insurers. (Kandel v Tocher, 22 AD2d 512, 1st Dept; Finegold v Lewis, 22 AD2d 447, 2d Dept.) The Kandel-Finegold rule holds that reports, investigations and statements "involved in the performance of an insurer’s responsibility under automobile liability insurance” (Kandel v Tocher, supra, p 515) are not discoverable. The rule has evolved to protect all liability insurers against discovery of all of its reports and investigations no matter when performed. This protection has been extended to self-insurers (Parker v New York Tel. Co., 24 AD2d 1067; Eifert v Bush, 27 AD2d 950, affd 22 NY2d 681).
Although Brooklyn Union is a self-insurer, it is also a public utility as defined in section 10 of the Transportation Corporations Law, subject to rules and regulations of the Public Service Commission pursuant to article 4 of the Public Service Law. The sections of the law under article 4 of the Public Service Law require a public utility to file numerous reports for various reasons and the "material resulting from an investigation made by a public utility in connection with an accident occurring in its operation may be a part of the *912 regular business of conducting the utility” (Kandel v Tocher, supra, p 515; see O’Neill v Manhattan & Bronx Surface Tr. Operating Auth., 27 AD2d 185; Quirino v New York City Tr. Auth., 60 Misc 2d 634, cited in Kaiser v South Nassau Communities Hosp., 58 AD2d 643, 644). Further, the rules of the Public Service Commission (16 NYCRR 125.1-125.6) require every gas, electric or gas and electric corporation to file with the commission, reports of every accident connected with its operation and resulting in injury to any person with certain exceptions not applicable here, within three days after such accident. Section 16 of the Public Service Law states that "all documents and records in its possession shall be public records.” It would appear, therefore, that any accident or investigation report (at least the first investigation required to be filed pursuant to 16 NYCRR 125.1-125.6), made by a gas corporation concerning an accident causing injury to any person growing out of its utility operations was not meant to be confidential and is available to a member of the public who has an interest in the report (see Matter of Zuppa v Maltbie, 190 Misc 778; see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.50). The report requested by Shell is specifically designated and meets the requirements of CPLR 3120, and is therefore discoverable.
In the companion motion by Shell for a protective order, we are only concerned with Item 5 of the notice for discovery and inspection served upon Shell by Brooklyn Union, the other matters having been resolved by a stipulation referred to above. The notice requests "any and all investigative reports obtained by any of the parties, their representatives, and insurance carriers relating to said occurrence.”
It does not appear from the papers whether an examination before trial of Shell has been held by Brooklyn Union. Courts frown on the designation of "any and all” with respect to discovery of documents. CPLR 3120 (subd [a], par 1, cl [i]) requires that the documents or things sought be "specifically designated” with "reasonable particularity”. Although an examination before trial is not a prerequisite for general discovery, the better practice is that an examination before trial should be held to properly identify the reports and to show how they were secured (Rios v Donovan, 21 AD2d 409; Rufer v New York State Teachers Assn., 42 AD2d 1040). It is clear, however, that any statements made to, or investigations by Shell’s own liability insurers are presumptively material pre *913 pared for litigation pursuant to the Kandel-Finegold "rule”. As to any other investigative reports, the burden is upon Shell to show that "the material was prepared solely for litigation and not in the regular course of business.” (Dikun v New York Cent. R. R., 58 Misc 2d 439, 440; Weisgold v Kiamesha Concord, Inc., 51 Misc 2d 456, 459.) However, since the remaining reports have not been specifically identified by Brooklyn Union, Shell cannot properly respond.
The motion by Shell for an order requiring Brooklyn Union to produce copies of its investigative report made immediately on the day of the incident and any other reports that were required to be made and filed pursuant to 16 NYCRR 125.1 through 16 NYCRR 125.6, is granted.
The motion by Shell for a protective order against Brooklyn Union’s notice for copies of Shell’s investigative report is granted without prejudice to Brooklyn Union, if it be so advised, conducting an examination before trial of Shell, after which it may serve upon Shell a notice of discovery and inspection, with more specificity.