In the Matter of an Application for a Subpœna Duces Tecum Directed to CHARLES RODEN.

Supreme Court, Special Term, New York County, March 20, 1951.

*Harry C. Kane* for Charles Roden, applicant.

*Samuel Lloyd,* opposed.

EDER, J. Motion to vacate and set aside subpœna duces tecum is granted. This subpœna was procured upon a petition of Samuel Lloyd, a member of the Bar of this State, in connection with the execution of a commission conducted before one William Newrock, a commissioner appointed by the Superior Court of California, Los Angeles County. At the examination before the commissioner the California litigants were represented by California attorneys who conducted the examination on behalf of the respective parties and the cross-examination.

There were present also, New York lawyers who sat by, or "attended", as it is sometimes expressed. Such attending attorneys have no official standing and are present merely to offer suggestions. One of them was said Lloyd, who, in applying for the subpœna now sought to be vacated and set aside alleged he was retained "to attend" at the examination. Assume that he was, his appearance was a limited one and ended there.

I am unaware of any authority which gives such a person a right to apply for such process as was obtained here. Said Lloyd does not allege he was authorized to make the application for the subpœna by or on behalf of the contestants, and since he is not the attorney of record for any of the parties there is no presumption of authority for him to do so. So far as the record discloses his status is that of a stranger, and hence he was not qualified to make the petition or the application for the subpœna.

Assuming, *arguendo,* Lloyd was authorized to make the petition and application, there are other reasons why the subpœna must be vacated and set aside.

The commission issued and the examination was procured on application of the proponent of the will. It does not appear that the contestants obtained any order or commission to examine as to their branch of the case. Even if they had, the subpœna does not fix any limitation with respect to time as to the records to be produced. An unlimited requirement is improper. In the situation disclosed the court is also satisfied that the subpœna was not sought or served in good faith. The affidavit or petition upon which the subpœna was applied for and obtained is defective. For one thing it is not made by a person having knowledge of the facts nor any reason given why such person had not made the application. Nor is it shown that the testimony and records sought are material and relevant. There is but the *conclusory allegation* that same is material " as petitioner is informed and verily.believes." This is meaningless.

If an order or subpœna issued upon such an allegation in an examination before trial, it would be ground for vacatur, and no reason manifests itself why a different rule should obtain here, merely because the examination is upon a commission issued with respect to litigation in another jurisdiction. Witnesses in this jurisdiction are entitled to the same consideration and protection against unauthorized examination or improper production of records, in either instance. There is no reason to create artificial exception.

The movant is properly before the court. He has been subpœnaed and has a right to apply for vacatur or quashing of the subpœna. He is a party directly affected by the process obtained and served upon him. He is not required to be a party to the action or proceeding in order to make the instant application, nor is he obligated to rely on the proponent of the will or upon a party to the action to make such application. Any party affected by the process of the court or its mandate may apply to the court for its modification, vacatur, quashing or other relief he feels he is entitled to receive.

In view of what has been stated (*supra*) necessitating vacatur of the subpœna, it becomes unnecessary at this time, to pass upon the question of privilege.

The motion is granted and the subpœna duces tecum is vacated and set aside. Settle order.