Louis L. Friedman, J.
Plaintiff instituted suit to recover the unpaid balance allegedly due him for engineering investigative services rendered to defendant. Said services had been performed in determining the cause of an explosion and in substantiating defendant’s claim for damages in its lawsuit against the tort-feasor brought in the United States District Court, Southern District of New York.
The plaintiff herein caused subpoenas duces tecum, returnable on the date set for trial, to be served upon (1) the defendant’s general counsel, (2) the defendant itself and (3) the firm of attorneys who had represented the defendant in prosecuting the District C'ourt action. It is alleged that defendant received a substantial sum of money in settlement of the said action.
The defendant moves to vacate all three subpoenas on the ground that the material sought to be produced is “of a confidential nature and constitutes confidential communications between client and attorney” and as such is privileged and immune from subpoena by virtue of section 353 of the Civil Practice Act.
The right of the defendant and the witnesses subpoenaed to challenge the compulsion of the process served prior to the production of the records demanded cannot seriously be questioned (see Matter of Bakers Mut. Ins. Co. [Dept. of Health], 301 N. Y. 21, 27; 6 Carmody-Wait, New York Practice, pp. 344, 366). In situations where witnesses served with subpoenas are not parties, nevertheless, upon a claim of privilege, the defendant being the party principally concerned by the adverse effect of the subpoenas served upon the witnesses and being the ‘ ‘ party whose rights are invaded by such process, may apply to the court, whose duty it is to enforce it, to set aside such process if it is invalid” (Matter of Foster, 139 App. Div. 769, 779, 780; see, also, Carlisle v. Bennett, 268 N. Y. 212, 218).
Section 353 of the Civil Practice Act prohibits an attorney, his associates and employees from revealing confidential commimications of a client or the advice given thereon. It is a *49 restriction which only the client may waive (Civ. Prac. Act, § 354).
The principal issue in the instant action apparently involves the extent and value of investigative services rendered by the plaintiff in formulating the theory of responsibility which was adapted and utilized by the defendant in predicating its claim for damages caused by the explosion and for the services thereafter rendered by the plaintiff in preparation of the ensuing cause of action for trial.
It is the court’s opinion that neither “ the client nor the counsel may be compelled, however, to produce a document which has the status of a privileged communication between attorney and client when the privilege is claimed by the client” (Bloodgood v. Lynch, 293 N. Y. 308, 314). By its motion to vacate the subpoenas herein the defendant, as a client, voices its objection.
Also, though not specifically privileged under the statute, the “work product of the lawyer ” acquired in connection with a litigation then pending, is deemed immune from discovery (Hickman v. Taylor, 329 U. S. 495, 511). However, “ Not all that finds its way into a lawyer’s files * # * enjoys such immunity” (Roach v. City of Albany, 282 App. Div. 807, 808).
Among the items pertaining to the prior action sought to be produced are the pleadings, stipulations, memoranda of law and fact, interoffice memoranda, affidavits, examinations before trial, deposition's, correspondence with the defendant in the prior action, or with anyone else, diary entries, including diary entries of any partner, associate, attorney or other employee of the firm, and diary entries made by any of defendant’s officers and employees and records of conversations.
It is obvious that plaintiff’s demands are entirely too broad in scope; they directly violate the statutory prohibition against revealing confidential matters disclosed by a client during the course of active litigation and the advice rendered thereon by the attorney and, furthermore, the demands made intrude upon the recognized immunity attaching to the attorney’s “work product ’ ’ resulting from the confidential relationship during the course of the afore-mentioned litigation.
First, the court deletes from the foregoing demand all records of communications had between the defendant, by its officers, employees or agents and the defendant’s attorneys and anyone associated with the attorneys as well as the advice given by the attorneys in connection with the District Court action (Civ. Prac. Act., § 353). Secondly, the items sought are further limited to such records as pertain to the issues raised, to wit, *50 the exteyt of the services, rendered, hy- the. plaintiff and their value.
Interoffice memoranda, diary entries- and records of conversations are also .deleted from the demands except insofar as to the paSthrdhei’epf which do not offend the foregoing prohibition and limitation.
Production of the following items is proper: Pleadings, stipulations, memoranda of law, examinations before trial, depositions, affidavits, correspondence with Esso Standard Oil, the defendant in the prior action or with anyone else; all items pertaining to payments made to the plaintiff for services rendered, and receipts of all sums, of money by the defendant corporation in connection with the settlement of- the prior action.. While some of the items-, allowed pertain to the attorney’s “ work product ’ ’ the trial court might find that the immunity attaching to the lawyer’s file, hy its very nature confidential during the course of active litigation, has. been partially dissipated, either hy prior voluntary disclosure made by the client (see Hurlburt v. Hurlburt, 128 N. Y, 420, 424; Rosseau v. Bleau,. 131 N. Y. 177; Whiting v. Barney, 30 N, Y. 330) or where “ relevant and. non-privileged facts remain hidden in an attorney’s file and where production of those facts is essential to. the preparation of one’s case ” (Hickman v. Taylor, supra, p. 511), or by a finding that the item sought was never clothed with immunity from its, inception (Jones v. Reilly, 174 N. Y. 97; see, also, Castiglione v. State of New York, 8 Misc 2d 932),..
If matters, privileged under section 353 are attempted to. be elicited, upon the trial, the defendant, may protect its rights by proper objection at that time (Matter of Village of Lawrence [Hicks Development Corp.], 285 App. Div. 82.3).
Motion, to vacate is denied. However, the subpoenas are modified to- the extent hereinabove indicated.
Settle order on notice in accordance herewith.