In the Matter of STATE OF NEW YORK COMMISSION ON GOVERN-
MENTAL OPERATIONS OF THE CITY OF NEW YORK, Appellant,
against MANHATTAN WATER WORKS, INC., Respondent.
First Department, April 21, 1960.

*Whitney North Seymour, Jr.* (*Louis A. Craco* and *Donald H. Elliott* with him on the brief), for appellant.

*Leo C. Fennelly* for respondent.

*Per Curiam.* This is an appeal from an order quashing a subpœna issued by the Commission on Governmental Operations of the City of New York. The subpœna not only directs one Herman Spitzer to appear personally and give testimony, but requires him to produce certain books, records, and papers of the respondent, Manhattan Water Works, Inc.

The investigation being conducted by the appellant was mandated by the State Legislature (L. 1959, ch. 368) which among other things directs a study of municipal operations designed to increase the efficiency of the city government and to eliminate waste. Practices in connection with contracts for public improvements fall within the scope of such a survey.

The respondent was the successful bidder on a sewer contract, and subsequently claimed additional sums for " extras ". Thus, the inquiry into its affairs in connection with its performance under the contract with the city has a legitimate purpose, and there is no merit to the claim that the records sought are irrelevant to the subject matter of the investigation (see *Matter of Dairymen's League Coop. Assn.* v. *Murtagh,* 274 App. Div. 591).

When privately examined through one of its officers, the respondent asserted that its general ledgers, receipts and disbursements books, job cost records, cancelled checks, and bank statements were stolen from its trailer office at the job site. Thereafter, the respondent's accountant reconstructed the records to prepare tax returns. The subpœna under attack here is directed to the accountant employed for that purpose.

The commission urges that one of the several grounds which require a denial of the application to vacate the subpœna is that the application was made by the corporation whose records are sought, and not by the person to whom the subpœna is directed. It is argued that, "Manhattan Water Works, Inc., had no standing to challenge a subpœna served on its independent accountant". With that proposition we cannot agree. The respondent has the standing to intervene in that respect. The papers sought are its corporate records in the possession of a person it employed to perform the task of recreating books kept in the normal course of business, and to that extent the respondent has a sufficient interest to warrant its resorting to the courts to protect its rights. A motion to vacate or quash a subpœna duces tecum is an appropriate method to test the propriety of its issuance and the relevancy and materiality of the documents sought (see *Matter of Sun-Ray Cloak Co.*, 256 App. Div. 620, 623 and cases cited therein). However, the claim that original records have been lost or stolen does not justify the preclusion of reconstructed data. To hold otherwise, would be tantamount to placing a premium on the loss, destruction, or concealment of essential business data.

To prohibit the production and examination of the relevant records of the respondent at this stage of the investigation would abort the efforts of the commission. It cannot perform its assigned function unless it is permitted to ascertain whether waste and inefficiency in the awarding and performance of public contracts actually exist (see *Matter of Edge Ho Holding Corp.*, 256 N. Y. 374).

The order should be reversed, on the facts and the law, and the motion denied, with costs to the appellant.

BREITEL, J. P., RABIN, M. M. FRANK, STEVENS and BASTOW, JJ., concur.

Order unanimously reversed, on the facts and on the law, with $20 costs and disbursements to the appellant, and the motion denied, with $10 costs.