Daniel E. Machen, J.
These actions -are brought to recover damages arising from injuries sustained by plaintiff Stephen F. Cataldo when an automobile being driven by him and owned by his father, plaintiff Stephen G. Cataldo, left the highway while attempting to negotiate a curve. It is claimed that the accident and resulting injuries were caused by the negligence of the defendant in maintaining the highway.
At the time of the accident, the plaintiffs were insured by the Monarch Insurance Company of Ohio (Monarch) against liability arising from the operation of the automobile.
A passenger in plaintiffs’ automobile, one Wightman, commenced an action against the plaintiffs to recover damages for injuries sustained in the accident, and Monarch retained counsel to defend the plaintiffs in that action, which was subsequently settled. Another passenger in plaintiffs’ automobile, one Meyers, was injured, and while the papers contain no direct evidence as to the disposition of that claim, it seemed conceded on the argument that Meyers ’ claim has been settled.
When the present actions were about .to reach trial, defendant caused to be served upon Monarch a subpoena duces tecum, requiring it to produce at the trial1‘ all legal papers, statements, *769 reports and correspondence including complaints, bills of particulars, tianscripts of examinations before trial and releases in actions of Bonald Wightman, an infant by Pauline ’Cody, his Guardian vs. Stephen Cataldo, Sr. and Stephen Cataldo, Jr.; and William Meyers vs. Stephen Cataldo, Sr. and Stephen Cataldo, Jr. now in your custody or control, and all other deeds, evidences and writings, which you have in your custody or power, concerning the premises ”. It is apparent from the affidavit of defendant’s counsel that with the exception of “ medical reports and any correspondence between Monarch and its attorneys relating to the defense or the preparation for the defense for the passengers’ claims against Cataldo ”, defendant seeks production of Monarch’s entire investigation file and the privilege of examining it prior to or at the opening of the trial.
This motion to quash the subpoena was made returnable at a Trial Term of this court and by it referred to Special Term for determination. Preliminarily, defendant contends that this motion may be made only by Monarch and not by plaintiffs. This contention is without merit. (Beach v. Oil Transfer Corp., 23 Misc 2d 47, 48; Matter of Foster, 139 App. Div. 769, 779, 780.)
Plaintiff contends that the material sought by the subpoena is confidential in nature and that public policy prevents its disclosure. Defendant claims that, while much of the material sought might be immune from disclosure in an action against the plaintiffs defended by Monarch, no such immunity inures to plaintiffs in actions commenced by them.
It has been held that public policy bars the disclosure to a plaintiff of statements made by a defendant to his insurer, whether sought by motion for discovery (Hollien v. Kaye, 194 Misc. 821), or by subpoena duces tecum (Schulgasser v. Young, 25 Misc 2d 788). Although it has been held that the “ fair and speedy disposition ” of personal injury cases requires disclosure to a plaintiff of statements made by him to defendant’s insurer (Wilhelm v. Abel, 1 A D 2d 55; Totoritus v. Stefan, 6 A D 2d 123; Levey v. Hemme, 7 A D 2d 646), inspection of a written statement given to defendant’s carrier by a witness has been denied to plaintiff (Urbina v. McLain, 4 A D 2d 589) except in special circumstances (Beyer v. Keller, 11 A D 2d 426). No case has been found by me, or brought to my attention, in which inspection of investigation reports or interoffice correspondence of a defendant’s liability insurance carrier has been permitted or, for that matter, sought. In this era of intensive personal injury litigation, this circumstance would seem to indicate an acquiescence by the Bar of this State that such inspections are not permissible, and I have no hesitancy in concluding that, at *770 least in the absence -of a showing that its withholding would work an injustice, such contents of a defendant’s insurer’s investigation file are immune from disclosure to a plaintiff in an action arising from the occurrence investigated, whether sought by motion for discovery or subpoena duces tecum. A subpoena duces tecum may not be used for the purpose of discovery or to ascertain the existence of evidence. (Matter of Saratoga Racing Assn. v. Monaghan, 9 Misc 2d 868, 872.)
While the defendant does not seriously question the validity of this conclusion, in its memorandum it urges that .the confidential relationship, if any, between an insured and his insurance carrier ‘ ‘ pertains solely to an action in which the insurance company is defending the insured ’ ’ and that cases denying inspection of an adverse party’s statement .to his insurance carrier should be limited to attempts by a plaintiff to inspect such a statement of a defendant in “an action in which the insurance company is actively defending the defendant and the statements were made for possible use at a trial by a lawyer to be selected by the insurance carrier ”. Put another way, it seems to be defendant’s claim that in any action brought by an insured motorist against another insured motorist, the defendant, while shielding the investigation made by his carrier with a cloak of immunity, may browse at will the product of plaintiff’s carrier’s investigation.
At the time of the happening of this accident, every owner of a motor vehicle in .this .State was required to be insured against liability to others arising from its operation. It is common knowledge that by the terms of such policies, the company is obliged to defend its insureds in actions brought against them and to furnish -and pay counsel for that purpose, and that the persons insured are obliged to accept such counsel and co-operate with them and the company in the preparation for and defense .of such actions. Upon notification that one of its policyholders has been involved in an accident, the company undertakes an investigation. It interviews and takes statements, written or oral, from its insured and witnesses. Its investigators make written reports of such investigations containing opinions and conclusions as to the liability -of the insured and his reliability and veracity, as well as that -of the witnesses. The product of such investigation is turned over to counsel chosen by the company in the -event of litigation against the insured. Absent such service by his insurance carrier, a prudent person involved in a serious accident might well retain an attorney to conduct such an investigation, in which event, statements made by such a person to his attorney would be privileged *771 (Civ. Prac. Act, § 353), and ranch of the other material here sought by the defendant would be immune from disclosure as being the “ work product ” of the attorney.
It seems to me that the fair administration of justice and the present policy of this State as expressed in the newly enacted Civil Practice Law and Buies require that, in any action arising from the occurrence investigated to which the insured person is a party, whether plaintiff or defendant, the product of the investigation by his liability insurance carrier be accorded substantially the same immunity from disclosure to an adversary as that given communications by a client to his attorney and the “ work product ” of the attorney. (CPLR, § 3101, subd. [d] ; see, also, Matt. vii. 12.)
Considering the subpoena in the light of that conclusion, no immunity from disclosure attaches to pleadings, bills of particulars or transcripts of examinations before trial, and Monarch will be required to produce upon the trial, if such be in its possession, transcripts of examinations before trial and the original or served copies of complaints and bills of particulars in any actions heretofore commenced against the plaintiffs arising from the occurrence which forms the basis for this action. Likewise, releases executed by or on behalf of passengers in plaintiffs’ automobile must be produced, although I do not here pass upon whether they may be used at the trial. (Cochrane v. Fahey, 245 App. Div. 41; Keet v. Murrin, 260 N. Y. 586.) In all other respects, the subpoena is vacated and quashed. (Hickman v. Taylor, 329 U. S. 495; People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 29; Falco v. New York, New Haven & Hartford R. R. Co., 161 App. Div. 735; Naiman v. Niagara Falls Ins. Co., 283 App. Div. 1016; Urbina v. McLain, 4 A D 2d 589; Castiglione v. State of New York, 8 Misc 2d 932; Beach v. Oil Transfer Corp., 23 Misc 2d 47; Mitchell v. Black & Decker Mfg. Co., 19 Misc 2d 887, 890.)