■ STEPHEN F. CATALDO, an Infant, by STEPHEN G. CATALDO, His Guardian ad Litem, Respondent, v. COUNTY OF MONROE, Appellant. STEPHEN G. CATALDO, Respondent, v. COUNTY OF MONROE, Appellant.— Order insofar as appealed from affirmed, without costs of this appeal to any party. Memorandum: We are not in serious disagreement with the general views expressed in the dissenting memorandum relating to discovery and inspection. Our reason for denying further relief to appellant is based upon its unreasonable delay and the use of the power of subpœna in place of the recognized procedure. The accident herein occurred in May, 1958 when an automobile operated by plaintiff's son was involved in a one-car accident. Passengers in the car commenced actions against plaintiff and the latter's insurance carrier in preparing a defense assembled certain material. The present actions were commenced in May, 1959. Nearly four years later the actions were reached for trial and on the eve thereof defendant served a subpœna duces tecum on plaintiff's insurance carrier to produce at the trial what amounted to the entire file of the company. Thereafter, Special Term granted in part a motion to vacate the subpœna but ordered production of examinations before trial and other papers " in any action heretofore commenced against the plaintiffs " arising from the accident. Inasmuch as plaintiff has not appealed we may only express our views in denying further relief to defendant upon its appeal. We view as untimely and unseemly the use of a subpœna duces tecum to obtain access to the files of the insurance company. Our practice acts have long contained detailed provisions for pretrial disclosures (cf. CPLR art. 31) designed to facilitate disclosures before trial of the facts bearing on a case while limiting the possibilities of abuse. The procedure here followed demonstrates the disrupting results if recognized procedures are ignored. The actions were set for trial on February 18, 1963. Three days before an order was signed returnable at Trial Term requiring defendant to show cause why the subpœna should not be vacated, Trial Term sent the motion to Special Term and the trial was adjourned. Some six weeks later the motion was decided and the appeal wended its way to this court. If the procedure here adopted is followed as an approved precedent the functioning of a Trial Calendar in a metropolitan area will be seriously handicapped. No excuse is proffered for the delay of four years and the adoption of this unorthodox procedure. We doubt if any exits. All concur, except Williams, P. J., who dissents and votes to modify the order in accordance with the following Memorandum: I would modify the order to the extent of requiring the production of any

statements given by the plaintiffs to the Monarch Insurance Company. This is in accordance with the modern view of full disclosure and ascertainment of the truth and is in accord with liberality of procedure. It is true that perhaps a discovery proceeding at an earlier date would have been more orderly. However, the use of a subpœna duces tecum, even on the eve of trial, as here, could not unduly impede the progress of the litigation. There was a previous trial, which, for some reason not explained to us, resulted in a mistrial shortly before the present subpœna duces tecum was served. It may be that the County of Monroe did not discover the facts bearing on the admissibility or use of such statements until that time. In any event, a discovery proceeding at that stage probably would have delayed the trial of the action far beyond the use of the present subpœna duces tecum. (Appeal from certain parts of an order of Monroe Special Term vacating a subpœna duces tecum.) Present — Williams, P. J., Bastow, Goldman and McClusky, JJ. [38 Misc 2d 768.]