OPINION OF THE COURT
Anthony J. Ferraro, J.
Application by Dr. Stanley Selesnick pursuant to CPLR 2304 to quash and vacate a subpoena duces tecum served upon St. Luke’s Hospital, Newburgh, New York, by the State Commissioner of Health.
Debra Ann Carroll was admitted to St. Luke’s Hospital for the delivery of a child whereupon Dr. Stanley Selesnick was called in for consultation and became the assistant attendant at the birth. Mrs. Carroll died after giving birth to her child.
The State Commissioner of Health thereafter instituted an investigation into the cause of the death and the possible medical misconduct of Dr. Selesnick. In furtherance of said investigation the subpoena in question was served upon St. Luke’s Hospital seeking medical records of mother and baby including internal review and incident reports, hospital peer review, autopsy reports, expert opinions, etc.
*994 St. Luke’s Hospital has not appeared upon this application and has taken no affirmative action against the subpoena.
Petitioner contends that the Commissioner of Health had no authority to issue the subpoena and that the subpoena is overly broad and burdensome.
Respondent contends that petitioner who is not subject to the subpoena has no standing to challenge the same.
The court will first consider the threshold issue of petitioner’s right to maintain this proceeding. The question as to whether a person who is not subpoenaed but who may be affected thereby has the right to quash it is a novel one.
The case of Matter of Roden (200 Misc 513) cited by petitioner in support of his right to challenge the subpoena is not in point. Although the moving party was a nonparty witness to the proceeding he was the person actually served with the subpoena and as such should have the right to challenge it. In the instant case the subpoena was not served upon the person who now seeks to challenge it.
There is, however, a limited exception to the general rule that the person subpoenaed is the one who must move to quash it. This exception is referred to in 7 Carmody-Wait 2d (NY Prac, § 54:40, p 765) as follows: “Sometimes one not named in the subpoena, whose rights are invaded by the service of the subpoena, may move to set aside the process”.
The fact that the subpoenaed party may supply information regarding a third party does not justify the intervention of the third party. It must be further shown that the third party has rights which are being violated.
In the case of Beach v Oil Transfer Corp. (23 Misc 2d 47) the material sought constituted confidential communications between attorney and client and any person involved in the privileged communication has the right to contest its release whether directly served with the subpoena or not. In the instant case no such privilege exists.
In the cases of Matter of State of New York Comm. on Governmental Operations of City of N. Y. v Manhattan Water Works (10 AD2d 306) and Matter of Foster (139 App Div 769), the moving parties were the owners of the material sought to be subpoenaed and had a proprietary right to *995 protect it though not served with the process. In the instant case the material sought is the property of the hospital and not the petitioner.
The court must therefore conclude that a subpoena may only be challenged by the person to whom it is directed or by a person whose property rights or privileges may be violated.
There is no authority to justify petitioner’s position that he has a right to challenge the subpoena merely because the material sought may adversely affect him. An invocation of such a broad and liberal rule would frustrate the very purpose of any investigation for such investigations always adversely affect someone and would not be necessary if they didn’t.
An analogy may be drawn to the banking cases wherein the courts have consistently held that a depositor has no right to challenge a subpoena issued against his bank. See United States v Miller (425 US 435), where a depositor was being charged with tax evasion and the court held he had no right to challenge a subpoena directed against his bank. This Federal rule has been adopted by New York State in the following cases: Matter of Cappetta (42 NY2d 1066); Shapiro v Chase Manhattan Bank (53 AD2d 542); Cunningham & Earning v Nadjari (53 AD2d 520); Matter of Democratic County Committee of Bronx County v Nadjari (52 AD2d 70).
Petitioner has failed to establish any proprietary rights to the records sought or to demonstrate the existence of any privilege between himself and the hospital and in short has failed to show any constitutional, statutory or common-law right to suppress the material sought.
Under the circumstances petitioner lacks standing to maintain this proceeding which is therefore dismissed.
The court does not reach the other issues raised herein.