■ 38-14 REALTY CORP., Respondent, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS, Appellant. — In a proceeding to vacate, cancel and set aside a subpoena duces tecum served by the New York City Department of Consumer Affairs upon Exxon Corporation, the New York City Department of Consumer Affairs appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Rader, J.), dated February 28, 1983, as granted the application. ¶ Judgment reversed insofar as appealed from, on the law, with costs, and application dismissed. ¶ Petitioner did not have standing to challenge the subpoena served upon Exxon Corporation. Even assuming that petitioner was a party to the contracts required to be produced by the subpoena, that alone would not constitute a sufficient interest in the subpoenaed material to maintain this proceeding. Unlike the third parties in *Matter of State of New York Comm. on Governmental Operations of City of N. Y. v Manhattan Water Works* (10 AD2d 306), and *Matter of Foster,* (139 App Div 769), petitioner herein has no proprietary interest in the subject documents. Furthermore, unlike the situation in *Beach v Oil Transfer Corp.* (23 Misc 2d 47), no privileged communications such as those between an attorney and a client are involved at bar. Consequently, instead of granting petitioner's application to quash the subpoena, Special Term should have dismissed the application for lack of standing (see *Matter of Selesnick [Axelrod],* 115 Misc 2d 993). Lazer, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.