■ In the Matter of JOSEPH GOLDBERG, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered November 23, 1983 in Albany County, which denied petitioner's motion pursuant to CPLR 2304 to quash certain subpoenas duces tecum.

Respondent was appointed receiver for Kings Harbor Care Center, a residential health care facility, in February of 1979. Petitioner had been employed by the facility as its comptroller and retained that position after the appointment. An extensive audit by respondent allegedly uncovered substantial evidence of financial misconduct on the part of petitioner. On August 19, 1983, respondent issued subpoenas duces tecum to two banks demanding production of, *inter alia,* all documents and information relating to specific accounts as well as any accounts in the name of Kings Harbor or petitioner. Petitioner moved pursuant to CPLR 2304 to quash the subpoenas. Special Term denied the motion, and this appeal by petitioner ensued.

Initially, we reject respondent's contention that petitioner lacks standing to challenge the subpoenas. The cases relied on by respondent do not deal with the issue of standing to challenge subpoenas generally, but standing to raise a constitutional challenge to a subpoena based on a violation of the Fourth and Fourteenth Amendments to the United States Constitution. These cases restricting standing are based on the principle that a claim of violation of Fourth Amendment rights may be brought only by the person whose rights were violated, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of the violation of another's Fourth Amendment rights (see *Jones v United States,* 362 US 257, 261). In the instant case, petitioner does not base his challenge to the subpoenas duces tecum on an alleged violation of Fourth Amendment rights, but on statutory grounds. That being the case, standing must be determined by application of the "zone of interest" test set forth in *Matter of Dairylea Coop. v Walkley* (38 NY2d 6). Petitioner "need only show that the administrative action will in fact have a harmful effect" on him and that the interest advanced is arguably within the zone of interest to be protected by the statute (*id.,* at p 9). It is apparent that petitioner stands to be harmed by disclosure of financial matters which he does not want to disclose. As for the second aspect of the test, the category of persons entitled to judicial determination as to the validity of administrative action must be broadly defined, such that standing should be denied only where there is a clear legislative intent negating review

(see *Matter of Queens Farms v Gerace,* 96 AD2d 1120, 1121, mod on other grounds 60 NY2d 65). Here, a party to an action would appear to be within the category of persons to be protected by statutory restrictions on the issuance of subpoenas within the context of that action. Indeed, it has been held that a challenge to a subpoena served on a nonparty witness may be raised by a party (see *Matter of State of New York Comm. on Governmental Operations v Manhattan Water Works,* 10 AD2d 306; *Cataldo v County of Monroe,* 38 Misc 2d 768, affd 19 AD2d 852). To hold otherwise would allow an administrative agency to exercise subpoena power unchecked by judicial review since a nonparty witness, standing neither to gain nor lose, would have no incentive to move to quash.

Turning to the merits, petitioner's contentions should be rejected. Respondent does have the authority to issue subpoenas during the investigatory stage of a proceeding pursuant to section 206 (subd 4, par [a]) of the Public Health Law (see *Matter of Axelrod [Ulster County Med. Soc.],* 99 AD2d 531, 532). To the extent that *Matter of Whalen v John P.* (72 AD2d 961) holds otherwise, we decline to follow it. Additionally, the exercise of such power by respondent in this case is not precluded by subdivision 8 of section 63 of the Executive Law, which has been held to authorize the Attorney-General to investigate criminal conduct in the nursing home field (see *Matter of Sigety v Hynes,* 38 NY2d 260, cert den *sub nom. Kent Nursing Home v Office of Special State Prosecutor,* 425 US 974), since it is apparent that it is not the purpose of this investigation to uncover criminal activity. Finally, the subpoenas are not overly broad since the record demonstrates a proper basis for the investigation and the breadth of the subpoenas does not go beyond the scope of the investigation.

Therefore, while petitioner does have standing to challenge the subpoenas, his motion to quash was properly denied.

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.