■ MASSACHUSETTS BAY INSURANCE COMPANY, Respondent, v THOBURN M. STAMM, JR., as Conservator for MARILYN M. STAMM, Conservatee, Appellant and Third-Party Plaintiff-Appellant. HANOVER INSURANCE COMPANY, Third-Party Defendant-Respondent. [644 NYS2d 230]

The motion court correctly concluded that the 29 documents requested by defendant and third-party plaintiff-appellant are immune from discovery because they are covered by the attorney-client privilege or the attorney work product privi-

lege, or they are documents produced for or in anticipation of litigation, or they are irrelevant to the instant declaratory judgment action.

Appellant's claim that two of the documents arise from physical examinations of the conservatee and are subject to discovery pursuant to CPLR 3121 (b), even if they were prepared solely for purposes of litigation, was properly rejected. The documents are immune from discovery since they do not relate to a physical examination of the conservatee, but rather, they set forth opinions or information regarding the medical condition of the conservatee based upon the physicians' review of medical records (see, Donato v Eli Lilly & Co., 37 AD2d 817).

Materials prepared for or in anticipation of litigation are discoverable upon a showing that there is a substantial need for the materials and the party seeking discovery is unable without undue hardship to obtain the substantial equivalent of the materials by other means (CPLR 3101 [d] [2]). Appellant has failed to sustain this burden.

We have considered appellant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Wallach, Ross and Nardelli, JJ.