■ Sequoia Maxwell, Appellant, v Snapper, Inc., et al., Respondents, et al., Defendant, and Mayco Building Services, Inc., Nonparty Respondent. [671 NYS2d 127] —In an action to recover damages for personal injuries, the plaintiff appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated April 2, 1997, as denied his motion for discovery, and (2) from an order of the same court, dated August 19, 1997, which denied his motion, in effect, for reargument.

Ordered that the appeal from the order dated August 19, 1997, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated April 2, 1997, is modified by deleting therefrom the provision denying that branch of the plaintiff's motion which was for the production by nonparty Mayco Building Services, Inc., of records pertaining to the purchase, maintenance, and use of the Snapper brand snowblower which was alleged to be the cause of the plaintiff's injuries, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court did not discuss the issue of whether the plaintiff was entitled to the records requested of the nonparty witness Mayco Building Services, Inc. Nevertheless, pursuant to CPLR 3101 (a) (4), the plaintiff is entitled to such nonparty disclosure since he demonstrated that the information sought was otherwise unobtainable (*see, Matter of Validation Review Assocs.*, 237 AD2d 614; *see also, Schwarz v Schwarz*, 227 AD2d 611).

The Supreme Court, however, properly denied that branch of the plaintiff's motion which was to depose his former co-workers, as he has not yet shown that they have information which is "material and necessary" to the prosecution of his case (CPLR 3101 [a] [4]; *see also, Matter of Validation Review Assocs., supra; Anderson v Kamalian*, 231 AD2d 659; *Adams Light. Corp. v First Cent. Ins. Co.*, 230 AD2d 757).

The plaintiff's motion, denominated as one to reargue and renew, must be considered a motion to reargue only, because he presented no new facts which were not presented in support of the original motion (*see, Caffee v Arnold,* 104 AD2d 352). No appeal lies from an order denying reargument (*Schumer v Levine,* 208 AD2d 605; *DeFreitas v Board of Educ.,* 129 AD2d 672).

The plaintiff's remaining contentions are without merit. Altman, J. P., Krausman, Florio and Luciano, JJ., concur.