■ KATHY E. KEPHART, Appellant, v GARY P. BURKE et al., Respondents. (Appeal No. 1.) [762 NYS2d 320] —Appeal from that part of an order of Supreme Court, Niagara County (Fricano, J.), entered August 16, 2002, which granted the motion of defendants to quash nonparty subpoenas duces tecum issued by plaintiff to, inter alia, Dr. Anthony M. Leone and Mark D. Becker.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in an automobile accident. We conclude that Supreme Court properly granted defendants' motion to quash nonparty subpoenas duces tecum issued by plaintiff to Dr. Anthony M. Leone, a consulting physician, and Mark D. Becker, general manager of a firm that provides independent medical evaluations. Initially, we reject plaintiff's contention that defendants lack standing to contest the

subpoenas (*see e.g. King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748 [1993]). Unlike the cases upon which plaintiff relies, defendants here have a proprietary interest in the materials sought, and, in addition, those materials may contain privileged information (*cf. Matter of Oncor Communications v State of New York*, 218 AD2d 60, 62 [1996]; *38-14 Realty Corp. v New York City Dept. of Consumer Affairs*, 103 AD2d 804 [1984]).

Turning to the merits of defendant's motion to quash, a trial court has broad discretion in supervising disclosure, and absent an abuse of that discretion, the court's exercise of such authority will not be disturbed (*see Gadley v U.S. Sugar Co.*, 259 AD2d 1041, 1042 [1999]; *see also MS Partnership v Wal-Mart Stores*, 273 AD2d 858 [2000]). Moreover, where, as here, additional discovery is sought after plaintiff has filed a note of issue, the party seeking additional discovery must demonstrate that "unusual or unanticipated circumstances develop[ed] subsequent to the filing * * * which require additional pretrial proceedings to prevent substantial prejudice" (22 NYCRR 202.21 [d]; *see Di Matteo v Grey*, 280 AD2d 929, 930 [2001]). Particularly in light of defendant's affirmative showing to the contrary, plaintiff failed to demonstrate that Becker may have information that is "material and necessary" to the prosecution of this action (CPLR 3101 [a] [1], [4]; *see e.g. Maxwell v Snapper, Inc.*, 249 AD2d 374 [1998]; *King*, 198 AD2d at 748).

With respect to Dr. Leone, his report constitutes material prepared in anticipation of litigation and is therefore conditionally privileged (*see* CPLR 3101 [d] [2]; *Renucci v Mercy Hosp.*, 124 AD2d 796, 797 [1986]). Plaintiff failed to show that she has a substantial need for that report or that she could not obtain the substantial equivalent of that report by other means (*see Santariga v McCann*, 161 AD2d 320, 322 [1990]; *see also Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946 [1998], *lv denied* 92 NY2d 817 [1998]; *Massachusetts Bay Ins. Co. v Stamm*, 228 AD2d 321, 322 [1996]). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.