◼ JAIME QUEVEDO et al., Appellants, v LESLIE EICHNER, Defendant. ACT II GLASS & MIRROR CORP., Nonparty Respondent. [813 NYS2d 310]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Martin, J.), dated June 14, 2005, which denied their motion to compel the deposition of a nonparty witness and to produce any related materials.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, and the motion is granted.

Contrary to the plaintiffs' contention, the nonparty respondent, Act II Glass & Mirror Corp., had standing to challenge the subpoena directed to its employee, which sought information obtained by the employee through his employment (*see Dellwood Foods v Abrams*, 109 Misc 2d 263, 266-267 [1981], *affd* 84 AD2d 692 [1981]). However, the Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion to compel the employee, inter alia, to comply with the subpoena and to appear for a deposition. The plaintiffs demonstrated that the disclosure sought was material and necessary (*see* CPLR 3101 [a] [4]), and that the information was otherwise unobtainable (*see Koramblyum v Medvedovsky*, 19 AD3d 651 [2005]; *Thorson v New York City Tr. Auth.*, 305 AD2d 666 [2003]; *Maxwell v Snapper, Inc.*, 249 AD2d 374 [1998]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.