OPINION OF THE COURT

Per Curiam.

This is a proceeding under CPLR article 78 to review a determination of the Commissioner of Agriculture and Markets (Commissioner) which would have permitted pay- *68 merits to be made to the claimants from the Milk Producers Security Fund (Agriculture and Markets Law, § 258-b).
In the first week of July, 1983 certain checks issued to dairy farmers by the Glen & Mohawk Milk Association at Fultonville, New York, were dishonored by the banks because of insufficient funds. These checks had been issued for May milk with no checks having been issued by the corporation for milk delivered to it during the month of June. The unpaid farmers and dairy farmer cooperatives filed claims against the Milk Producers Security Fund pursuant to section 258-b of the Agriculture and Markets Law. After conducting a hearing, the Commissioner issued a determination ordering immediate payment from the fund of one half of the amount of each of the certified claims. Petitioners then commenced this CPLR article 78 proceeding seeking to annul the Commissioner’s determination. Special Term denied the relief sought and dismissed the petition. A divided court in the Appellate Division reversed and remitted the matter to the Commissioner. We granted leave to appeal pursuant to CPLR 5602 (subd [a], par 2).
Petitioners consist of (1) licensed milk dealers who are contributors to the security fund and (2) dairy farmer/producers who did not deal with Glen & Mohawk, but who rely on the fund as security in their sales to other dealers. For the reasons stated by the majority at the Appellate Division the petitioners have standing to bring this proceeding.
Turning to the merits of petitioners’ claims, the Commissioner’s determination is challenged on two bases. First, it is contended that payments to claimants of Glen & Mohawk are prohibited by statute (Agriculture and Markets Law, § 258-b, subd 5, par [d]) because the dealer is not licensed. The Commissioner found that Glen & Mohawk was properly licensed within the meaning of subdivision 2 of section 401 of the State Administrative Procedure Act. The application of section 401 and the determination that the dealer’s license had not expired were correct.
Petitioners’ second contention is that the Commissioner was precluded from allowing claims arising out of the extension of credit by the claimants until a hearing is held to determine whether such extensions of credit consti *69 tuted a reasonable exercise of business judgment. Paragraph (b) of subdivision 5 of the statute provides that: “No claims against the producers security fund shall be allowed for * * * sales of milk by a producer to a milk dealer subsequent to its failure to pay within the time periods prescribed * * * where the commissioner finds, after due notice and opportunity of hearing, that such extension of credit, whether direct or indirect, to such milk dealer by the producer did not constitute a reasonable exercise of business judgment”. Plainly, the statute commits the decision whether to take issue with the reasonableness of claimants’ extension of credit solely to the discretion of the Commissioner. If he concludes that there is reason to believe that the milk dealer failed to exercise reasonable business judgment in extending credit a hearing should be ordered. Inasmuch as the Commissioner’s investigation did not lead him to question the claimants’ business judgment, he was not required by the statute to hold a hearing on the issue.
Accordingly, the order of the Appellate Division should be modified by dismissing the petition and reinstating the Commissioner’s determination, and, as so modified, the order should be affirmed.