■ RICHARD T. McGUIRE, as Commissioner of Agriculture and Markets of the State of New York, Respondent, and CORTLAND BULK MILK PRODUCERS COOPERATIVE, INC., Intervenor-Respondent-Appellant, v INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant-Respondent.—Mahoney, P. J. Cross appeals (1) from an order of the Supreme Court (Cheeseman, J.), entered March 30, 1989 in Albany County, which, inter alia, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

In March 1983, Scheps Cheese Company, Inc. delivered an application for a milk dealer's license to the Department of Agriculture and Markets. The application was accompanied by a $500,000 surety bond issued by defendant. The bond, with an effective period from April 1, 1983 through March 31, 1984, listed plaintiff as beneficiary and provided that in the event Scheps failed to pay for milk provided by licensed dairy

farmers, defendant would pay plaintiff the amount unpaid up to the amount of the bond.

While the Department was processing Scheps' license application and reviewing the bond, Scheps contracted to purchase milk from intervenor, Cortland Bulk Milk Producers Cooperative, Inc. (hereinafter Cortland). The agreement covered the period from April 1, 1983 through March 31, 1984, the same period covered by the bond issued by defendant, and was entered into by Cortland in reliance upon the bond's issuance. Milk sales commenced in April 1983 but by June 1983, Cortland had failed to receive payment for milk sales to Scheps in the approximate amount of $1.4 million. In July 1983, Scheps filed a petition in bankruptcy under chapter 11 of the United States Bankruptcy Code. Also in July 1983, Cortland filed a statement of claim with the Department, seeking to recover its losses from the sale of milk to Scheps. In August 1983, the Department served defendant with a demand to pay the bond's face value of $500,000.

In October 1983, after plaintiff scheduled a hearing pursuant to Agriculture and Markets Law § 258-b to determine the amount due Cortland on the bond, defendant obtained an ex parte order from Bankruptcy Court staying any hearing. After Bankruptcy Court vacated the stay, plaintiff rescheduled the hearing but Scheps failed to appear. Defendant's request to participate in the hearing was denied. The Hearing Officer's finding that Cortland's claims should be denied ultimately was reversed by plaintiff, who determined that Cortland's claim against Scheps on the bond should be certified. Defendant disclaimed all liability under the bond.

Thereafter, plaintiff commenced this action seeking full recovery under the bond. Defendant removed the action to the United States District Court for the Northern District of New York, but the matter was remanded to Supreme Court. All parties moved for summary judgment. Supreme Court granted plaintiff's motion against defendant and denied defendant's and Cortland's cross motions. These cross appeals by defendant and Cortland ensued.

Plaintiff's determination concerning Cortland's claim against defendant on the bond is subject to judicial review as provided in Agriculture and Markets Law § 258-b (5) (Agriculture and Markets Law § 258-b [9]). Pursuant to this provision, plaintiff's determination certifying the amount due each claimant is final unless an aggrieved party commences a proceeding pursuant to CPLR article 78 within 30 days from the date of personal service of a copy of the written determi-

nation upon the affected milk dealer and producer (Agriculture and Markets Law § 258-b [5] [d]). Accordingly, since defendant did not seek review of plaintiff's determination within the statutory period, plaintiff argues that defendant is precluded from challenging his decision in this action. We agree.

Defendant essentially contends that because it was refused the opportunity to participate as a party at the hearing resulting in plaintiff's determination, together with the fact that the statute only expressly provides for review initiated by the affected milk dealer and producer, it did not have standing to challenge plaintiff's determination. This court, relying on *Matter of Dairylea Coop. v Walkley* (38 NY2d 6), has held that any petitioners who statutorily lack the right to notice or to be heard at the administrative hearing, or to challenge a determination, nonetheless have standing for judicial review of that determination *(Matter of Queens Farms v Gerace, 96 AD2d 1120, 1121, mod on other grounds 60 NY2d 65)*. Indeed, we quoted the Court of Appeals in stating that " 'when a government agency seeks to act in a manner adversely affecting a party, judicial review of that action may be had' " *(supra, at 1121, quoting Matter of Dairylea Coop. v Walkley, supra, at 10)*. It is, therefore, clear that defendant did have standing to seek judicial review of plaintiff's determination, even though statutorily it lacked the right of notice and the right to be heard at the administrative level *(see, Matter of Queens Farms v Gerace, supra, at 1121)*, but its failure to act within the specified time limits precludes it from raising the challenge now.

We also reject defendant's claim that its rights were not affected by plaintiff's determination since the only issue decided was how much Scheps owed Cortland, not whether defendant was liable under the bond it issued to Scheps. In determining that Cortland had a claim for unpaid milk sold to Scheps, plaintiff stated that since "there is no basis for denying Cortland's claim against the surety bond * * * it is hereby determined that the claim should be certified and action brought to recover the full $500,000 face amount of the surety bond". Clearly, this determination impacted defendant's rights in a manner which afforded standing to challenge the determination.

Also unpersuasive is defendant's contention that preclusive effect cannot be given to plaintiff's determination because Agriculture and Markets Law § 258-b (9) does not provide for a conclusive presumption of the facts stated therein. The

pertinent provision of Agriculture and Markets Law § 258-b (9) provides, "In the case of a dealer who has filed a surety bond, the commissioner may bring an action on the bond, and for the purposes of such action his determination certifying the amounts due shall be *presumptive evidence* of the facts therein stated" (emphasis supplied). Since defendant did not raise facts to rebut the presumption but only raised legal issues previously resolved in the prior determination, for which defendant did not seek review, the facts as stated in the determination now before us are final (Agriculture and Markets Law § 258-b [5] [d]; [9]).

Although it is a fundamental tenet of our system of remedies to afford a party an opportunity to challenge a governmental agency that acts adversely to that party *(Matter of Dairylea Coop. v Walkley, supra)*, we conclude that defendant failed to avail itself of that opportunity by not timely challenging plaintiff's determination that Cortland's claim against defendant should be certified. Consequently, defendant is now bound by that determination of petitioner, who has properly sought to enforce the bond *(see,* Agriculture and Markets Law § 258-b [9]). The appealing parties' other arguments have been considered and rejected as without merit or unnecessary for resolution. Accordingly, summary judgment was properly granted to plaintiff and denied to defendant and Cortland.

Order and judgment affirmed, with costs to plaintiff and intervenor against defendant. Mahoney, P. J., Weiss, Mikoll, Levine and Mercure, JJ., concur.